[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is the defendant's postjudgment motion to modify child support and alimony. On June 15 and 16, 1998, the court heard evidence on this motion and finds the following facts.
On September 25, 1996, the court, Conway, J., dissolved the parties' marriage and ordered the defendant to pay to the plaintiff $225 per week per child as support for their two minor children. The defendant was also ordered to provide periodic CT Page 7784 alimony of $400 per week for seven years as well as contribute $100 per month and $2000 per year for seven years toward the plaintiff's retirement account.
At the time of the dissolution judgment, the defendant was a physician with family medicine practices in Thompson and Putnam, and he drew net income of around $1900 per week. During early 1997, his practices began to decline. He sought employment elsewhere and, in July 1997, decided to accept a one-year teaching fellowship at the University of Pennsylvania Medical School. It is likely that after one year the defendant will be retained on the faculty of that school at a salary of over $120,000 per year, which sum is comparable income he was earning in Connecticut at the time of judgment. In the interim, however, the defendant is only earning at the time of judgment. In the interim, however, the defendant is only earning $1090 per week.
The court finds that this change in employment was warranted by the deterioration of the defendant's Connecticut practice despite the temporary reduction in earning power. The court finds that this temporary cut in income is a substantial change in circumstances justifying a modification of child support and alimony under G.S. § 46b-86(a).
As to child support, the court makes the following calculations based on the child support guidelines promulgated pursuant to G.S. §§ 46b-215a and 46b-215b. Because the plaintiff has no chargeable income under the guidelines, the combined, net, weekly income of the parties is the defendant's income of $1090. The guidelines basic obligation is, therefore, $337 per week, for which obligation the defendant is solely responsible. The child support order is modified to $340 per week until July 1, 1998, at which time it returns to $450 per week.
After consideration of the factors set forth in G.S. §§46b-82 and 46b-86 (a), the court modifies the current periodic alimony from $400 per week to $350 per week until July 1, 1998, at which time it returns to $400 per week. All other alimony orders remain unchanged.
These modifications are retroactive to May 26, 1998, by agreement of the parties.
Sferrazza, J. CT Page 7785